UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LARRY T. HOWARD, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No. 4:17-CV-2791 JAR |
| TERI LAWSON, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

### Background

On June 2, 2014, petitioner pled guilty to eight counts each of burglary in the second degree, property damage in the second degree and misdemeanor theft/stealing. *See State v. Howard*, No. 1222-CR06857-01 (22nd Judicial Circuit, St. Louis City Court). Petitioner was sentenced to a total of five (5) years' imprisonment. Petitioner did not file a direct appeal of his conviction or sentence, nor did he file any post-conviction appeals. Petitioner filed the instant application for habeas corpus relief by placing his petition in the prison mailing system at Farmington Correctional Center on November 17, 2017.

### Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed more than two years after petitioner's state court judgment of conviction became final on or about mid-June of 2015. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** petitioner's request to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed as time-barred.[1]

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 1st day of December, 2017.

　　　　　　　　　　　　　　　　　_/s/ John A. Ross_
　　　　　　　　　　　　　　　　　JOHN A. ROSS
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Although petitioner argues in a conclusory fashion that he suffered mental health difficulties making it hard for him to follow through with exhausting his state court remedies in a timely manner, he has failed to attach any relevant evidence of his mental health problems, such as a competency evaluation done while he was in prison, or copies of his mental health treatment documentation at the prison where he was being held. The Court has reviewed his state court criminal trial on Missouri.Case.Net and found that petitioner was not subjected to a competency evaluation in his state criminal proceedings. Thus, there is no evidence available to the Court at this time that equitable tolling of the statute of limitations should be available to petitioner.