# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY T. HOWARD, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 4:17-CV-2791 JAR<br>) |
| TERI LAWSON, | )<br>) |
| Respondent. | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2244.

## Background

On June 2, 2014, petitioner was sentenced to eight counts each of burglary in the second degree, property damage in the second degree and misdemeanor theft/stealing. *See State v. Howard*, No. 1222-CR06857-01 (22nd Judicial Circuit, St. Louis City Court). Petitioner received a total of five (5) years' imprisonment.

Petitioner did not file a direct appeal of his conviction or sentence, nor did he file any post-conviction appeals. Petitioner filed the instant application for habeas corpus relief by placing his petition in the prison mailing system at Farmington Correctional Center on November 17, 2017.

---

[1] On December 1, 2017, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

1

Under 28 U.S.C. § 2244(d), a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. In petitioner's case, the limitations period runs from the date on which his judgment became final upon the expiration of the time for seeking direct review. As petitioner was sentenced in June 2014, and he did not file in this Court until November 17, 2017, he was more than two years late in filing his action pursuant to § 2254. Thus, on December 1, 2017, the Court ordered petitioner to show cause why his petition for writ of habeas corpus should not be dismissed as time-barred.

Petitioner responded to the Order to Show Cause on December 20, 2017, asserting that he should be excused from the one-year statute of limitations because he "was not aware of certain laws or rights due to lack of comprehension, ineffective assistance of counsel, and rules of policies and procedures." Petitioner also asserts that he is innocent of the crime of which he has been accused[2], and he seeks counsel in order to assist him in his habeas action.[3]

---

[2] A habeas petitioner may be entitled to avoid § 2244's limitation period of he can prove that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). However, a petitioner asserting actual innocence must have new evidence showing that no juror could have found him guilty if that evidence had been available at trial. *Id.* at 1935. Petitioner does not have new evidence pertaining to his actual innocence. His claims with regard to his innocence are wholly conclusory.

[3] In his original petition, petitioner made the conclusory argument that he suffered mental health difficulties during the first part of his incarceration, making it hard for him to follow through with exhausting his state court remedies in a timely manner. He has not made this argument in his response to the Show Cause Order. Even if he had made such an argument, it would have been necessary for petitioner to substantiate his assertions with relevant evidence of his mental health problems, such as a competency evaluation done while he was in prison, or copies of his mental health treatment documentation at the prison where he was being held. The Court has reviewed his state court criminal trial on Missouri.Case.Net and found that petitioner was not subjected to a competency evaluation in his state criminal proceedings. Thus, there is no evidence available to the Court at this time that equitable tolling of the statute of limitations should be available to petitioner.

2

## Discussion

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50.

Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Given the aforementioned case law, none of the assertions proffered by petitioner warrant equitable tolling in these circumstances. As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

Dated this 17th day of January, 2018.

                                                    _____
                                                    JOHN A. ROSS
                                                    UNITED STATES DISTRICT JUDGE